# EXHIBIT A

Rec'd 12/17/13

**Appendix XII-B1**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐CK ☐CG ☐CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Charles N. Riley, Esq.003711973 | (856) 667-4666 | Camden |

FIRM NAME (If applicable)
Charles N. Riley, LLC

DOCKET NUMBER (When available)
L 4876-13

OFFICE ADDRESS
Suite 308
900 Kings Highway
Cherry Hill, NJ 08034

DOCUMENT TYPE
Complaint

JURY DEMAND   ☒ YES   ☐ NO

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Jackeline Martinez-Santiago et al | Public Storage |

CASE TYPE NUMBER
(See reverse side for listing)
699

IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?   ☒ YES   ☐ NO
IF YES, LIST DOCKET NUMBERS
CAM-L-3353-12

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   ☐YES   ☒ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ NONE
☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   ☒YES   ☐NO
IF YES, IS THAT RELATIONSHIP   ☐ EMPLOYER-EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)   ☐ FAMILIAL   ☒ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☒ YES   ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DEC -3 2013

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   ☐YES   ☒ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION

WILL AN INTERPRETER BE NEEDED?   ☒YES   ☐ NO
IF YES, FOR WHAT LANGUAGE:   Spanish

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE:   *C M Riley*   11/30/13

Revised Effective 9/2009, CN 10517

 

**SIDE 2**

## CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II — 300 days' discovery**

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |
| 620 | FALSE CLAIMS ACT |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**

| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Centrally Managed Litigation (Track IV)**

| | |
|---|---|
| 280 | Zelnorm |
| 285 | Stryker Trident Hip Implants |

**Mass Tort (Track IV)**

| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 279 | GADOLINIUM |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 271 | ACCUTANE | 282 | FOSAMAX |
| 272 | BEXTRA/CELEBREX | 283 | DIGITEK |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 284 | NUVARING |
| 275 | ORTHO EVRA | 286 | LEVAQUIN |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."
Please check off each applicable category:
☐ Verbal Threshold       ☒ Putative Class Action       ☐ Title 59

Revised Effective 9/2009, CN 10517

**LAW OFFICES OF CHARLES N. RILEY, LLC**
By: Charles N. Riley, Esquire 003711973
900 N. Kings Highway
Suite 308
Cherry Hill, New Jersey 08034
(856) 667-4666



*Attorney for Plaintiffs*

| | |
|---|---|
| **JACKELINE MARTINEZ-SANTIAGO,** on behalf of herself and other persons similarly situated,<br><br>**Plaintiff(s)**<br><br>v.<br><br>**PUBLIC STORAGE**<br><br>**Defendant(s)** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CAMDEN COUNTY<br><br>DOCKET NO.: CAM-L- 4876-13<br><br>Civil Action<br><br>**CLASS-ACTION COMPLAINT, DESIGNATION OF TRIAL COUNSEL AND DEMAND FOR JURY TRIAL** |

Plaintiff JACKELINE MARTINEZ-SANTIAGO, by way of Complaint on behalf of herself and others similarly situated, individually and as class representative, upon information and belief, except for the allegations concerning Plaintiff's own actions, says as follows:

## INTRODUCTION

1.     This is a class-action Complaint brought by Plaintiff, JACKLINE MARTINEZ-SANTIAGO ("Plaintiff") on her own behalf and on behalf of all others similarly situated against Defendant, PUBLIC STORAGE ("Public Storage"), to obtain declaratory, injunctive and monetary relief for a class of consumers victimized by the unconscionable business practices of defendant, in violation of the New Jersey Truth in

Consumer Contract, Warranty and Notice Act, N.J.S.A. §§ 56:12-14, *et seq.* ("TCCWNA") and New Jersey Consumer Fraud Act (CFA).

2.      Specifically, Public Storage engaged in the following deceptive, unconscionable and unlawful practices against Plaintiff and members of the Class and/or Subclass, as defined hereinafter, by displaying, showing, giving, offering and/or entering into form contracts, which are identical to or substantially similar to the LEASE/RENTAL AGREEMENT ("Agreement", attached hereto as Exhibit "A, which is incorporated as if fully alleged herein), with Plaintiff and members of the Class and/or Subclass, all of which constitute violations of the TCCWNA:

    a. By containing unlawful twelve month (12) month statute of limitations date for bringing actions under the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1, *et seq.* ("CFA"), the TCCWNA, and other consumer protection statutes;

    b. By failing to disclose to Plaintiff and members of the Class and/or Subclass, that specific provisions of the form are specifically not enforceable in New Jersey; and

    c. By disclaiming liability for Defendant's own negligence, and by requiring New Jersey consumers to hold Defendant harmless and indemnify Defendant for any losses resulting from Defendant's own negligence.

3.      The Defendant, Public Storage's use, design and/or layout of the Agreement and the placement, design and /or layout of the contract provisions were designed by Defendant to create a deceptive marketing scheme as follows:

    a. To permit them and with the intent to engage in misrepresentations, deceptive and unconscionable commercial practices;

    b. To obscure and/or render unreadable the contracts provisions so as to hide from consumers such as Plaintiff and the Class that in signing the contracts, they were be unknowingly giving up their rights; and

2

    c. To deter consumers such as Plaintiff and the Class from noticing, reading and/or clearly understanding the contractual provisions from pursuing their rights under the CFA, TCCWNA and/or the PLA.

    d. To prevent consumers from exercising those rights in the New Jersey courts to seek remedies as a result of Defendant's unlawful practices.

## PARTIES

4.    Plaintiff, JACKELINE MARTINEZ-SANTIAGO was offered and signed a consumer contract with Defendant.

5.    Defendant, Public Storage is a Maryland real estate investment trust with its principal place of business in Glendale, California which regularly markets and rents self storage spaces for personal or household purposes to New Jersey residents.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction as Defendant regularly conducts business in the State of New Jersey.

7.    Venue in this Court is proper as Defendant regularly conducts business in the County of Camden.

## FACTUAL ALLEGATIONS

8.    The conduct of the Defendant described herein, and the actions of the Defendant in dealing with Plaintiff and members of the Class is part of a fraudulent and unconscionable scheme to deter and prevent consumers such as Plaintiff from pursuing any remedies against Defendant under the aforesaid consumer protection statutes and/or to obtain monies from New Jersey consumers such as Plaintiff and members of the Class in violation of the aforesaid consumer protection statutes.

3

9.     Since at least September 2007, Public Storage, through its employees and/or agents has offered, gave, displayed, and entered into, upon information and belief, thousands of Agreements, which contain the same or substantially similar unenforceable provisions, to and with thousands of New Jersey consumers.

10.     As of December 31, 2012, Public Storage had 56 storage facilities located in the State of New Jersey with 3,549,000 net rentable square feet, through which Public Storage has offered, gave, displayed and entered into, said Agreements with consumers.

11.     Public Storage is subject to the aforesaid consumer protection statutes such as the CFA and TCCWNA.

12.     On February 7, 2012, Public Storage displayed, offered to and entered into and Agreement as the Owner or agent of the Owner with Plaintiff for the lease of a storage space for personal property in Sicklerville, New Jersey, at a monthly rent of $63.00. (See Agreement attached as Exhibit A).

13.     On February 12, 2012, Orlando Colon was injured on the premises as a result of the negligence of Public Storage and/or its agents in not clearing ice from walkways such as to make the premises safe for consumers using the premises.

14.     Orlando Colon filed suit against Defendant for his injuries in the Superior Court of New Jersey, Camden County under Docket Number CAM-L-3353-12.

15.     Defendant, Public Storage answered said complaint on or about September 19, 2012.

4

16.     On or about October 1, 2012 Defendant, Public Storage filed an amended answer and Third Party Complaint, naming plaintiff Jacqueline Martinez-Santiago (improperly named as Jackeline Martinez Sanchez) as a Third Party Defendant.

17.     Defendant, Public Storage through its Third Party Complaint asserted an unlawful claim against Plaintiff to indemnify and hold Defendant harmless from any loss arising out of the use of the premises by Colon and requiring Plaintiff to pay Defendant's attorneys' fees in defending the claim brought by Mr. Colon.

18.     On February 8, 2013, Defendant wrongfully obtained a default judgment against Plaintiff by misrepresentation and deception by failing to inform the Court that the contractual provisions upon which it relied for its indemnification claims specifically violated the TWWCNA.

19.     It was only after Plaintiff, by and through counsel filed a motion to vacate the default and sought to assert a Class-Action Counterclaim that Defendant, Public Storage, filed a voluntary dismissal of the Third Party Complaint.

20.     Pursuant to N.J.S. 56:12-15, no seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

21.     Pursuant to N.J.S. 56:12-15, consumer is defined as any individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal, family or household purposes.

22.     Further, N.J.S. 56:12-16 provides that no consumer contract shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey.

23.     Defendant, Public Storage unconscionably misrepresents in paragraph 4 and paragraph 7 of the Agreement that:  (1) Plaintiff is barred from bringing a claim or defense against Defendant unless it is brought within 12 month of the event that gave rise to the claim or defense; and (2) that Plaintiff is required to hold Defendant harmless and indemnify defendant for any losses resulting from defendant's negligence.

24.     As a result of the aforesaid violations, misrepresentations, deception, and unconscionable commercial practices, Plaintiff has sustained damages and an ascertainable loss including but not limited to attorney's fees and costs associated with filing pleadings and defending the Third Party Complaint brought by Defendant.

25.     On information and belief, plaintiff alleges that over 500 people have been offered or have signed substantially similar contracts since September 7, 2007 that contain the same unenforceable provisions.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this Complaint action as a Class Action pursuant to Rule 4:32 on behalf of the following class defined as:

a.    All persons, who since September 7, 2007, have been offered or signed contracts in New Jersey presented by defendant or its agents, which violate the TCCWNA and CFA in substantially the same manner in which the Defendant violated these foregoing consumer protection statutes regarding Plaintiff.

27.    The class for those whose benefit this action has been brought is so numerous that joinder of all members is impracticable.

28.    Upon information and belief, during the relevant time period, well over 500 persons were offered or signed contracts similar to the type offered and entered into by Plaintiff and issued by Defendant Public Storage which violated the foregoing consumer protection statutes.

29.    There are common questions of law and fact effecting the rights of all class members, including the following:

a.    Whether Defendant Public Storage's contract violated the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act and the New Jersey Consumer Fraud Act.

b.    Whether the class is entitled to a class-wide injunction barring Defendant, Public Storage from asserting or attempting to enforce the aforesaid illegal provisions in its contract;

c.    Whether the class is entitled to a class-wide injunction barring Defendant from offering to customers any Agreements that contain shortened limitations periods and/or the indemnification/hold harmless clauses herein described;

7

30.    Plaintiff, Jackeline Martinez-Santiago is a member of the class she seeks to represent and her claim is not only typical of all class members, it is identical. Plaintiff's claims arise from the same factual and legal basis as those of the class. Plaintiff has no interest antagonistic to, or in conflict with the class.   Plaintiff will thoroughly and adequately protect the interest of the class, having retained qualified and competent legal counsel to represent them and the class.

31.    Defendant has acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

32.    The prosecution of separate actions by individual class members will create a risk of inconsistent or varying adjudications.

33.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT ONE
### (TRUTH IN CONSUMER CONTRACT, WARRANTY AND NOTICE ACT)

34.    Plaintiff repeats all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

35.    The contract that Defendant, Public Storage relies upon, offered to and required plaintiff and class members to sign violated a clearly established legal right of Plaintiff and all class members.

36.    As a result of the aforesaid violation, Defendant has violated the New Jersey Consumer Contract, Warranty and Notice Act, NJS 56:12-13 et seq.

37.    As a result of Defendant's violations, Plaintiff/Class members are aggrieved consumers and have been damaged.

8

38.     Pursuant to N.J.S.A. 56:12-17, Defendant is liable to Plaintiff and each class member for a minimum statutory penalty of $100.00, as well as any actual damages and attorney's fees and costs.

## COUNT TWO
## (CONSUMER FRAUD ACT)

39.     Plaintiff repeats all preceding paragraphs as though fully set forth herein.

40.     As set forth above, the contract that Defendant, Public Storage relies upon, offered and required Plaintiff and class members to sign, and Defendant's institution of action premised upon that contractual language, as set forth above, have directly, foreseeably, and proximately caused ascertainable losses and injury to Plaintiff and class members.

41.     The actions of Defendant constitute acts, uses, or employment by Defendant of unconscionable commercial practices, misrepresentations, deception, or the knowing concealment, suppression or omission of material facts with the intent that others rely upon such concealment, suppression or omission in connection with the sale or advertisement of merchandise or real estate in violation of N.J.S.A. 56:8-1, et seq.

42.     As a result of Defendant's unlawful acts or practices, Plaintiff and the class members have sustained an ascertainable loss in amounts to be proven at trial, and Defendants should be ordered to pay, as damages to Plaintiff and the members of the class, any amounts expended or expenses incurred including, but not limited to, amounts paid to Defendant and legal fees and costs as a result of Defendant's attempts to enforce the above referenced illegal contractual provisions.

## (DECLARATORY/INJUNCTIVE RELIEF)

9

43.     Plaintiff repeats all preceding paragraphs as though fully set forth herein.

44.     Plaintiff and the class are entitled to a declaratory judgment and/or injunctive relief in the form of an Order:

    a.     Declaring that Defendant, Public Storage is estopped from requiring Plaintiff and class members to bringing claims or defenses within twelve moths of an event giving rise to such claim or defense.

    b.     Declaring that Defendant, Public Storage is estopped from requiring Plaintiff to indemnify and hold Defendant harmless (and pay Defendant's attorney's fees and costs) for losses resulting from the negligence of Defendant.

    c.     Prohibiting Defendant, Public Storage from offering or issuing contracts containing illegal provisions, in the manner described herein.

    d.     Requiring Defendant, Public Storage to provide notice to all class members that the aforesaid clauses contained in the contracts issued to the class members are void and unenforceable and that class members who signed such forms may still sue Defendant, Public Storage in Court and recover statutory attorneys fees and costs for violations of consumer protection statutes.

    e.     Requiring Defendant Public Storage to provide notice to all class members who may have indemnified Defendant Public Storage or who may have had judgment entered against them pursuant to the aforesaid contract provisions that such indemnification or judgment is illegal and will be refunded or vacated

10

**WHEREFORE**, Plaintiff, Jackeline Martinez-Santiago, on behalf of herself and others similarly situated, demands judgment for Plaintiff and members of the class against the defendants for:

    a. Certification of this matter as a class action pursuant to Rule 4:32;

    b. Entry of an Order for the injunctive and declaratory relief described herein;

    c. Civil penalties, attorneys fees and costs of suit;

    d. Reformation of the provisions contained in the Defendant, Public Storage's contract;

    e. Entry of judgment in favor of the Plaintiff and each class member for damages suffered as a result of the conduct alleged herein, to include compensatory damages, treble damages, statutory penalties, interest and prejudgment interests;

    f. All other relief which the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, Michael A. Galpern, Esq is hereby designated as trial attorney in the above matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1 and N.J.S.A. 56:8-1 et. seq.

1. I hereby certify that to my knowledge the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration except the

11

default judgment granted in Docket Number CAM-L-3353-12 set forth in paragraph 14 above was not vacated by defendant in its voluntary dismissal.

2. To my knowledge, no other action or arbitration procedure is contemplated.

3. I have no knowledge at this time of the names of any other parties who should be joined in this action.

4. I have forwarded a copy of this Complaint to the Attorney General of the State of New Jersey and Gloucester County Office of Consumer Affairs pursuant to N.J.S. 56:8-1 et. seq.

CHARLES N. RILEY, LLC
Attorney for Plaintiffs

Date: 11/30/13

BY _____
Charles N. Riley, Esq.

12

# LAW OFFICE OF CHARLES N. RILEY, LLC
## ATTORNEY AT LAW

900 N. Kings Highway, Suite 308
Cherry Hill, New Jersey 08034
Telephone:  (856) 667-4666
Facsimile: (856) 667-7215
criley@rileysandilos.com

December 9, 2013

Cert. Mail, RRR
Chief Legal Officer
Public Storage
**701 Western Ave.**
Glendale, CA 91201

**Re:**    Jackeline Martinez-Santiago **v.Public Storage**

Dear Sir::

Please find enclosed a Summons, Class Action Complaint, CIS, and track assignment notice.

Please call if you wish to resolve this matter.

Very truly yours,

Charles N. Riley

CNR/kl
Enclosure
cc:

**LAW OFFICES OF CHARLES N. RILEY, LLC**
By: Charles N. Riley, Esquire 003711973
900 N. Kings Highway
Suite 308
Cherry Hill, New Jersey 08034
(856) 667-4666

*Attorney for Plaintiffs*

| | |
|---|---|
| **JACKELINE MARTINEZ-SANTIAGO, on behalf of herself and other persons similarly situated,** <br><br> **Plaintiff(s)** <br><br> **v.** <br><br> **PUBLIC STORAGE** <br><br> **Defendant(s)** | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: CAMDEN COUNTY <br><br> DOCKET NO.: CAM-L-4876-13 <br><br> Civil Action <br><br> **SUMMONS** |

**THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:**
    **PUBLIC STORAGE**

The plaintiff named above has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is on e in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625. A filing fee* payable to the clerk of the superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or notion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or notion (with fee and completed Case Information Statement) if you want to court to hear your defense.

        If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Service office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to any attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

_Michelle Smith_

Michelle Smith Clerk of Superior Court

Dated:  December 6, 2013

Name of Defendant to be served: **PUBLIC STORAGE**
**c/o Chief Legal Officer**
**Public Storage Corp. HQ**
**701 Western Ave.**
Glendale, CA 91201

## DEPUTY CLERK

Atlantic County:
1201 Bacharach Blvd.
Atlantic City, NJ 08401

Bergen County:
Justice Center
10 Main Street
Hackensack, NJ 07601

Burlington County:
Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

Camden County:
Hall of Justice
101 South 5th Street
Camden, NJ 08103

Cape May County:
9 N. Main Street
Cape May Court House, NJ 08210

Cumberland County:
Court House
Broad & Fayette Streets
Bridgeton, NJ 08302

Essex County:
Courthouse
470 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

Gloucester County:
Courthouse, 1st Floor
1 North Broad Street
Woodbury NJ 08096

Hudson County:

Hunterdon County:

Administration Building
595 Newark Avenue
Jersey City, NJ 07306

Justice Center
65 Park Avenue
Flemington, NJ 08822

Mercer County:
Civil Courts Building
175 South Broad Street
P. O. Box 8068
Trenton, NJ 08650

Middlesex County:
Courthouse
1 JFK Square
New Brunswick, NJ 08903

Monmouth County:
Courthouse
71 Monument Park
Freehold, NJ 07728

Morris County:
Court House
Washington & Court Sts.
P. O. Box 910
Morristown, NJ -7963

Ocean County:
Courthouse
118 Washington Street
P. O. Box 2191
Toms River, NJ 08754

Passaic County:
Courthouse
77 Hamilton Street
Paterson, NJ 07505

Salem County:
Courthouse
92 Market Street
Salem, NJ 08079

Somerset County:
Courthouse
N. Bridge & Main Streets
P. O. Box 3000
Somerville, NJ 08876

Sussex County:
Judicial Center
43-47 High Street
Newton, NJ 07860

Union County:
Courthouse
2 Broad Street
Elizabeth, NJ -7207

Warren County:
Somerset County Courthouse
Bridge & Main Streets
P. O. Box 3000
Somerville, NJ 08876

## LEGAL AID/LEGAL SERVICES

Atlantic County:
1 S. Carolina Avenue
2nd Floor
Atlantic City, NJ 08401
609-348-4200

Bergen County:
47 Essex Street
Hackensack, NJ 07601
201-487-2166

Burlington County:
50 Rancocas Road
Mt. Holly, NJ 08060
609-261-1088

Cape May County:
1261 Route 9 South
Cape May Court House, NJ 08210
609-465-3001

Essex County:
439 Main Street
Orange, NJ 07050
201-672-3838

Hudson County:
574 Newark Avenue
Jersey City, NJ 07306
201-792-6363

Mercer County:
16-18 West Lafayette Street
Trenton, NJ 08608
609-695-6249

Monmouth County:
25-13 Broad Street
Freehold, NJ 07728
908-866-0020

Ocean County:
9 Robbins Street, Suite 2-A
Toms River, NJ 08753
908-341-2727

Salem County:
(See Cumberland County)

Sussex County:
3 High Street, P.O.Box 159
Newton, NJ 07860
201-383-7400

Warren County:

Camden County:
530 Cooper Street
Camden, NJ 08102
609-964-0228

Cumberland County:
22 East Washington Street
Bridgeton, NJ 08302
609-451-0003

Gloucester County:
81 Cooper Street
Woodbury, NJ 08096
609-848-5360

Hunterdon County:
82 Park Avenue
Flemington, NJ 08822
908-782-7979

Middlesex County:
78 New Street, 3rd Floor
New Brunswick, NJ 08901
908-249-7600

Morris County:
30 Schuyler Place
CN 900
Morristown, NJ 07963
201-285-6911

Passaic County:
175 Market Street
Patterson, NJ 07505
201-345-7171

Somerset County:
78 Grove Street
Somerville, NJ 08876
908-231-0846

Union County:
60 Prince Street
Elizabeth, NJ 07208
908-354-4340

91 Front Street
P. O. Box 65
Belvidere, NJ 07823
908-475-2010

## LAWYER REFERRAL SERVICE

Atlantic County:
609-345-3444

Bergen County:
201-488-0044

Burlington County:
609-261-4862

Camden County:
609-964-4520

Cape May County:
609-463-0313

Cumberland County:
609-692-6207

Essex County:
201-622-6207

Gloucester County:
609-848-4589

Hudson County:
201-798-2727

Hunterdon County:
908-735-2611

Mercer County:
609-585-6200

Middlesex County:
908-828-0053

Monmouth County:
908-431-5544

Morris County:
201-267-5882

Ocean County:
908-240-3666

Passaic County:
201-278-9223

Salem County:
609-935-5629

Somerset County:
908-685-2323

Sussex County:
201-267-5882

Union County:
908-353-4715

Warren County:
201-267-5882

CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN                              NJ 08103                     TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 379-2200
COURT HOURS

                                          DATE:    DECEMBER 04, 2013
                                          RE:      MARTINEZ SANTIAGO VS PUBLIC STORAGE
                                          DOCKET:  CAM L -004876 13

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS    300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON JOHN T. KELLEY

ATT:    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     202
        (856) 379-2200 EXT 3060.

        IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                              ATTENTION:
                                          ATT: MICHAEL GALPERIN
                                          RILEY & SHARE
                                          910 NORTH KINGS HIGHWAY
                                          SUITE 306
                                          CHERRY HILL           NJ 08034

JUAJ11