**LOCKS LAW FIRM, LLC**
Michael A. Galpern, Esquire
Andrew P. Bell, Esquire
James A. Barry, Esquire
457 Haddonfield Road, Ste. 500
Cherry Hill, NJ 08002
(856) 663-8200

**LAW OFFICES OF CHARLES N. RILEY, LLC**
By: Charles N. Riley, Esquire
900 N. Kings Highway
Suite 308
Cherry Hill, New Jersey 08034
(856) 667-4666

*Attorney for Plaintiff Jackeline Martinez-Santiago*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JACKELINE MARTINEZ-SANTIAGO, on behalf of herself and other persons similarly situated,**<br><br>**Plaintiff(s)**<br><br>**v.**<br><br>**PUBLIC STORAGE,**<br><br>**Defendant.** | Civil Action No.: 1:14-cv-00302-JBS-AMD<br><br>Civil Action<br><br>**FIRST AMENDED CLASS-ACTION COMPLAINT** |

Plaintiff JACKELINE MARTINEZ-SANTIAGO, by way of Complaint on behalf of herself and others similarly situated, individually and as class representative, upon information and belief, except for the allegations concerning Plaintiff's own actions, says as follows:

**INTRODUCTION**

1.      This is a class-action Complaint brought by Plaintiff, JACKELINE MARTINEZ-SANTIAGO ("Plaintiff") on her own behalf and on behalf of all others similarly situated against Defendant, PUBLIC STORAGE ("Public Storage"), to obtain declaratory, injunctive and monetary relief for a class of consumers victimized by the unconscionable business practices of Defendant, in violation of the New Jersey Truth in Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14, *et seq.* ("TCCWNA") and New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* ("CFA").

**PARTIES**

2.      Plaintiff, JACKELINE MARTINEZ-SANTIAGO was offered and signed an Agreement with Defendant.

3.      Public Storage is a Maryland real estate investment trust with its headquarters in Glendale, California, and regularly markets and rents self-storage spaces for personal or household purposes to New Jersey residents.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) because there are more than 100 class members and because the amount in controversy, upon information and belief, exceeds five million dollars ($5,000,000) exclusive of interest and costs, and at least one member of the Class is a citizen of a state different from Defendants.  This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims asserted herein, including but not

limited to the processing and investigation of Plaintiff's claims herein, occurred in this district, as many of the underlying transaction complained of herein occurred in this district, and Defendants conduct business in this district by leasing storage units under a form contract at issue here.

6.        This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

### The Consumer Protection Statutes Violated

7.        The TCCWNA provides in relevant part as follows:

> No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed. Consumer means any individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal, family or household purposes.

N.J.S.A. 56:12-15.

8.        The TCCWNA was designed to prevent merchants from imposing on New Jersey consumers contract provisions whose mere inclusion in a consumer contract would violate the rights of consumers and deceive them into thinking such illegal provisions were valid, and thereby, they would not even try to enforce their rights:

> Far too many consumer contracts, warranties, notices and signs, contain provisions which clearly violate the rights of consumers.  Even though these provisions are legally invalid or unenforceable, their very inclusion in a contract, warranty, notice or sign deceives a consumer into thinking that they are enforceable and for this reason the consumer often fails to enforce his rights.

*See* Sponsor's Statement, Statement to Assembly Bill No. 1660 (May 1, 1980).

9.      Accordingly, the TCCWNA also provides that no consumer contract provisions in New Jersey can waive consumers' rights under the TCCWNA and that any such provision shall be "null and void."  N.J.S.A. 56:12-16.

10.     Moreover, the TCCWNA provides that no consumer contract can state that "any of its provisions is or may be void, unenforceable or inapplicable in some jurisdiction without specifying which provisions are or are not void, unenforceable or inapplicable with the State of New Jersey."  *Ibid.*

11.     The CFA prohibits the use of "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or mission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise…, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice."  N.J.S.A. 56:8-2.

12.     Both the TCCWNA and the CFA provide that "[t]he right, remedies and prohibitions" provided by these consumer protection acts "are hereby declared to be in addition to and cumulative of any other right, remedy or prohibition accorded by common law, Federal law of statutes of this State and nothing contained herein shall be construed to deny, abrogate or impair any such common law or statutory right, remedy or prohibition."   N.J.S.A. 56:12-18 (TCCWNA provision); *see also* N.J.S.A. 56:8-2.13 (CFA provision).

13.     Public Storage violated the TCCWNA and/or the CFA by using the following deceptive, unconscionable and unlawful practices against Plaintiff and

members of the Class and/or Subclass (as defined hereinafter), by displaying, showing, giving, offering and/or entering into form contracts, which are identical to or substantially similar to the LEASE/RENTAL AGREEMENT (*See* Agreement, attached hereto as Exhibit A, which is incorporated as if fully alleged herein), with Plaintiff and members of the Class and/or Subclass:

     a. By unconscionably imposing, without proper notice, a unilateral, reduced twelve-month statute of limitation only on claims brought by Plaintiff and/or a consumer, arising out of the Agreement, while retaining for itself the longer statutory statute of limitations;

     b. By failing to disclose to Plaintiff and members of the Class and/or Subclass, that specific provisions of the Agreement are specifically not enforceable in New Jersey; and/or

     c. By disclaiming liability for Defendant's own negligence, and by requiring Plaintiff and members of the Class and/or Subclass to hold Defendant harmless and indemnify Defendant for any losses resulting from Defendant's own negligence.

    14.    In fact, the last violation listed immediately above in subsection (c) is the type of TCCWNA violation that the Legislature considered specifically and explicitly to be prohibited, as set forth in the act's legislative history:

> Examples of such provisions are those that deceptively claim that a seller or lessor is not responsible for any damages caused to a consumer, even when such damages are the result of the seller's or lessor's negligence. These provisions provide that the consumer assumes all risks and responsibilities, and even agrees to defend, indemnify and hold harmless the seller from all liability.

*See* Statement, Bill No. A1660, 1981 N.J. Laws, Chapter 454, Assembly No. 1660, page 2-3; *see also McGarvey v. Penske Auto Group, Inc.*, 486 Fed. Appx. 276, 280 (3d Cir. July 2, 2012) ("At the time the [TCCWNA] was first introduced on May 1, 1980, these listed provisions, including a consumer's complete waiver of damages resulting from a

seller's liability, infringed on rights that had been long-recognized in common law.")(citations omitted).

15.     The conduct of the Defendant described herein, and the actions of the Defendant in imposing on Plaintiff and members of the Class contract provisions that are illegal, null and void pursuant the aforesaid consumer protection statutes is part of a fraudulent and unconscionable scheme designed to deter and prevent consumers such as Plaintiff from pursuing any remedies against Defendant and/or to obtain monies from New Jersey consumers such as Plaintiff and members of the Class.

## The Plaintiff's Factual Background

16.     Since at least September 2007, Public Storage, through its employees and/or agents, has offered, gave, displayed, and entered into, upon information and belief, thousands of Agreements, which contain the same or substantially similar unenforceable provisions, to and with thousands of New Jersey consumers.

17.     As of December 31, 2012, Public Storage had 56 storage facilities located in the State of New Jersey with 3,549,000 net rentable square feet, through which Public Storage has offered, gave, displayed and entered into, said Agreements with consumers.

18.     Public Storage is subject to the aforesaid consumer protection statutes such as the CFA and TCCWNA.

19.     On February 7, 2012, Public Storage displayed, offered to and entered into an Agreement as the Owner or agent of the Owner with Plaintiff for the lease of a storage space for personal property in Sicklerville, New Jersey, at a monthly rent of $63.00. (*See* Agreement, attached as Exhibit A).

20.     In addition to the storage contract, Public Storage offered to Plaintiff and Plaintiff purchased a policy of insurance, which constituted an addendum to the Agreement, at a premium of $9.00 per month for damage to her personal property only offered to her by Defendant's agents.  (*See* Insurance and Release of Liability Addendum to Lease/Rental Agreement, attached as Exhibit B).

21.     Public Storage fails to disclose to Plaintiff and other consumers that, upon information and belief, Public Storage receives a portion of the insurance premium and/or other compensation for offering and selling such insurance.

22.     Defendant did not offer plaintiff any insurance coverage for personal injuries to herself or others caused by the negligence of Defendant arising out of the use of the Defendant's entire premises.

23.     On February 12, 2012, Orlando Colon was injured on the premises as a result of the negligence of Public Storage and/or its agents in not clearing ice from walkways outside of the rented storage units such as to make the premises safe for consumers using the premises.

24.     Orlando Colon filed suit against Defendant on or about July 31, 2012 for his injuries in the Superior Court of New Jersey, Law Division, Camden County under Docket Number CAM-L-3353-12, for an amount in excess of the jurisdictional limit of $15,000 for the Special Civil Part pursuant to *N.J. Court Rule* 6:1-2(a)(1). (*See Colon* Complaint, attached as Exhibit C).

25.     Public Storage answered said complaint on or about September 19, 2012.

26.     On or about October 1, 2012, Public Storage filed an Amended Answer and Third Party Complaint, naming Jacqueline Martinez-Santiago (improperly named as Jackeline Martinez Sanchez) as a Third Party Defendant in the Law Division action brought by Orlando Colon. (*See* Defendant's Answer and Third Party Complaint, attached as Exhibit D).

27.     Public Storage through its Third Party Complaint asserted an unlawful claim against Plaintiff to indemnify and hold Defendant harmless from any loss arising out of the use of the premises by Colon and requiring Plaintiff to pay Defendant's attorneys' fees in defending the claim brought by Mr. Colon.

28.     On February 8, 2013, Defendant obtained a default judgment against Plaintiff by failing to inform the Court that the contractual provisions upon which it relied for its indemnification claims specifically violated the TWWCNA. (*See* default judgment Order entered, attached as Exhibit E).

29.     On February 27, 2013, Defendant sought to execute a judgment against Ms. Martinez-Santiago judgment for its attorneys' fees and costs and any amounts paid to Colon by asking the Superior Court to hold a proof hearing after the Colon action was concluded.  (*See* Letter Request to the Court, attached as Exhibit F).

30.     On or about August 8, 2013, Defendant settled the Colon litigation.

31.     Upon information and belief, the damages asserted by Defendant, including the settlement eventually reached with Orlando Colon and attorney's fees and costs of suit were well in excess of $5,000.

32.     On September 24, 2013, Jacqueline Martinez-Santiago moved to vacate the default against her and requested permission to file an Answer and Class Action Counterclaim.  (*See* Martinez-Santiago Motion to Vacate, attached as Exhibit G).

33.     Public Storage thereafter filed a voluntary dismissal of the Third Party Complaint prior to Ms. Martinez-Santiago's motion being heard.

### The Agreement's Provisions That Violate The Consumer Protection Statutes

34.     Paragraph 4 of the Agreement  is entitled "APPLICALBE LAW; JURISDICTION; VENUE; TIME TO BRING CLAIMS" and provides, in relevant part, as follows:

> This Lease/Rental Agreement shall be governed and construed in accordance with the laws of the state in which the Premises are located.  If any provision of this Lease/Rental Agreement shall be invalid or prohibited under such law, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of the Lease/Rental Agreement.

Agreement, Exhibit A, p. 2.

35.     The above quoted provision violates N.J.S.A. 56:12-16 of the TCCWNA because it does not specify which provisions are or are not enforceable in New Jersey as required by that statute.

36.     Paragraph 4 of the Agreement also provides, in relevant part, as follows:

> The parties agree that in view of the limitations of value of the stored goods as provided in paragraph 5 below and the limitations as to Owner's liability as provided in paragraph 7 below, the value of any claim hereunder is limited to $5000 and, accordingly, an action for adjudication of a claim shall be heard in a court of limited jurisdiction such as a small claims court.  Any claim, demand, or right of Occupant, and any defense to a suit against Occupant, that arises out of this Lease-Rental Agreement, or the storage of property hereunder (including, without limitation, claims for loss or damage to stored property) shall be barred unless Occupant commences an action (or, in the case of a defense, interposes such defense

in a legal proceeding) within twelve (12) months after the date of the act, omission, inaction or other event that gave rise to such claim, demand, right or defense.

Agreement, Exhibit A, p. 2.

37.     Pursuant to N.J.S.A. 2A:14-1, every consumer has a clearly established legal right to commence an action for violations of the CFA, the TCCWNA and various other causes of action against Defendant within "6 years next after the cause of action has accrued."

38.     Defendant's inclusion of the above quoted provision violates N.J.S.A. 56:12-15 and 56:12-16 of the TWWCNA because it limits and/or attempts to waive the clearly established rights of the Plaintiff and members of the Class to commence a consumer fraud/TCCWNA violation action against Defendant from six (6) years to one (1) year.

39.     Defendant's inclusion of the above quoted provision is an unconscionable business practice and/or otherwise violates N.J.S.A. 56:8-2 of the CFA because it attempts to waive and/or limit the statutory statute of limitations of six (6) years to one (1) year *only* as to Plaintiff and members of the Class and/or without notice that the one (1) year period is in derogation of the N.J.S.A. 2A:14-1.

40.     Paragraph 7 of the Agreement  is entitled "LIMITATION OF OWNER'S LIABILITY; INDEMNITY" and provides, in relevant part, as follows:

> Owner and Owner's Agents will have no responsibility to Occupant or to any other person for any lose, liability, claim, expense, damage to property or injury to persons ("Loss") from any cause, including without limitation, Owner's and Owner's Agents active or passive acts, omissions, negligence or conversion, unless the Loss is directly caused by Owner's fraud, willful injury or willful violation of law.  Occupant shall indemnify and hold Owner and Owner's Agents harmless from any loss incurred by Owner and Owner's Agents in any way arising out of Occupant's use of the

>Premises or the Property including, but not limited to, claims of injury or loss by Occupant's visitors or invitees.  Occupant agrees that Owner's and Owner's Agents' total responsibility for any Loss from any cause whatsoever will not exceed a total of $5,000.

Agreement, Exhibit A, p. 2.

41.     Defendant's inclusion of the above quoted provision violates N.J.S.A. 56:12-15 of the TWWCNA because Plaintiff and members of the Class have a clearly established right under New Jersey law to recover damages against a entity such as Defendant for Defendant's or its agents' own negligence or breach of duty and/or because such contract provisions providing for consumers to indemnify a seller and/or hold a seller harmless for the seller's or its agents' own negligence or breach of duty are void and unenforceable under TCCWNA.

42.     Further, as part of Defendant's unconscionable and fraudulent scheme in violation of TCCWNA, Defendant requires consumers to specifically acknowledge and initial the aforesaid illegal and void provisions inserted in paragraphs 4 and 7 of the Agreement, thereby demonstrating that Defendant sought to use such violative provisions to prevent and deceive Plaintiff and members of the Class into thinking such illegal provisions were valid, and thereby, persuade they not even to try to enforce their rights.

43.     As a result of the aforesaid violations, misrepresentations, deception, and unconscionable commercial practices, Plaintiff has sustained damages and an ascertainable loss in excess of $5,000, including but not limited to, additional attorneys' fees and costs associated with filing pleadings and defending the Third Party Complaint brought by Defendant to prevent a judgment being entered against her for an amount in excess of $5,000.

44.     On information and belief, plaintiff alleges that over 500 people have been offered or have signed substantially similar contracts since September 7, 2007 that contain the same unenforceable provisions.

## CLASS ACTION ALLEGATIONS

45.     Plaintiff brings this action as a Class Action pursuant to Rule 23(a) and Rule 23(b)(1), (2) and/or (3) of the Federal Rules of Civil Procedure on behalf of herself and all members of the following class (the "Class"):

> **All persons, since September 7, 2007 (or such date as discovery may disclose), to whom form contracts, the preprinted portions of which were identical or substantially similar to the Agreement (Exhibit A), have been given, displayed, offered, signed and/or entered into, in New Jersey presented by or on behalf of Defendant or its agents.**

Excluded from the Class are Defendant, each of its parents, subsidiaries, authorized distributors and affiliates, and its legal representatives, officers, board members and the heirs, successors, and assigns of any excluded person.

46.     The Class is so numerous that joinder of all members is impracticable.

47.     Upon information and belief, during the relevant time period, well over 500 persons were offered or signed Agreements similar to the type offered and entered into by Plaintiff and issued by Public Storage which violated the foregoing consumer protection statutes.

48.     Although the exact number and identities of individual Class members are presently unknown, the number of Class members can be ascertained from Defendant's records and other appropriate discovery.

49.     There are questions of fact and law which are common to the Class and/or Subclasses that predominate over any questions affecting only individual Class and/or Subclasses members. Among the common questions of law and fact are the following:

    a.   Whether Public Storage's Agreement violated the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act and/or the New Jersey Consumer Fraud Act.

    b.   Whether the Class is entitled to a class-wide injunction barring Public Storage from asserting or attempting to enforce the aforesaid illegal provisions in its Agreement; and

    c.   Whether the class is entitled to a class-wide injunction barring Public Storage from offering to customers any Agreements that contain shortened limitations periods and/or the indemnification/hold harmless clauses as herein described.

50.    Plaintiff is a member of the class she seeks to represent, and her claim is typical of the claims of the other members of the Class inasmuch as all such claims arise out of Defendant's form Agreement and Defendants' standard policy and practices relating to the illegal and unconscionable practices and provisions as described herein. Plaintiff's claims arise from the same factual and legal basis as those of the Class. Plaintiff has no interest antagonistic to, or in conflict with the Class.  Plaintiff will thoroughly and adequately protect the interest of the Class, having retained qualified and competent legal counsel to represent them and the Class. Accordingly, Plaintiff is an adequate representative of, and will fairly and adequately protect the interests of the Class.

51.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because prosecution of separate actions by individual Class and/or Subclasses members would create a risk of (1) inconsistent or varying adjudications with respect to individual

members of the Class and/or Subclasses which would establish incompatible standards of conduct for the Defendants, or (2) adjudications with respect to such individual members of the Class and Subclasses, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

52.    Class certification is further appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

53.    Class certification is further appropriate under Fed. R. Civ. P. 23(b)(3) because a class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy inasmuch as common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Courts and the Class in litigating the common issues on a class-wide instead of on a repetitive individual basis and inasmuch as no unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

54.    This lawsuit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because questions of fact and law common to the Class predominate over the questions affecting only individual members of the Class, and a class action is superior to other available means for the fair and efficient adjudication of this dispute

55.     The damages suffered by each individual Class member may be disproportionate to the burden and expense of individual prosecution of complex and extensive litigation to proscribe Defendant's conduct and practices.   Additionally, effective redress for each and every Class member against Defendant may be limited or even impossible where serial, duplicate, or concurrent litigation occurs arising from these disputes.   Even if individual Class members could afford or justify the prosecution of their separate claims, such an approach would compound judicial inefficiencies, and could lead to incongruous and conflicting judgments against Defendant.  A class action is superior to any other available method for the fair and efficient adjudication of this controversy, because: (i) common questions of law and fact overwhelmingly predominate over any individual questions that may arise, such that there will be efficiencies to the courts and the parties in litigating the common issues on a class basis rather than on an individual basis; (ii) the damages to some members of the Class are larger than to others, but all claims are sufficiently small that individual prosecution of the claim would not be an economically viable alternative; (iii) class treatment is desired for optimal deterrence and compensation; (iv) the economies of scale inherent in litigating similar claims on a common basis will enable this case to be litigated on a cost-efficient basis as a class action, especially when compared to repetitive individual actions; (v) no unusual difficulties are likely to be encountered in the management of this class action as the proofs as to liability are common to all Class members; and (vi) this action would be effectively impossible to bring as individual actions leaving plaintiffs and others similarly situated with no viable remedy.

56.     This litigation presents statutory violations and violations of consumer fraud acts and practices claims of the types that have often been prosecuted on a class-wide basis.

## COUNT ONE

**VIOLATIONS OF THE TRUTH IN CONSUMER CONTRACT, WARRANTY AND NOTICE ACT, N.J. STAT. ANN. §§ 56:12-13, *et seq*.**

57.     Plaintiff repeats all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

58.     The Agreement, which Public Storage has given, display, offered, and entered with Plaintiff and members of the Class violated clearly established legal rights of Plaintiff and the Class under the CFA and/or the TCCWNA and/or case law and precedent.

59.     As a result of the aforesaid violations, Defendant has violated the New Jersey Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-13. *et seq.*

60.     As a result of Defendant's violations of TCCWNA, Plaintiff and members of the Class are aggrieved consumers and have been damaged.

61.     Pursuant to N.J.S.A. 56:12-17, Defendant is liable to Plaintiff and each class member for a minimum statutory penalty of $100.00, as well as any actual damages and attorneys' fees and costs.

## COUNT TWO

**VIOLATIONS OF NEW JERSEY CONSUMER FRAUD ACT, N.J. STAT. ANN. §§ 56:8-1 *et seq*.**

62.     Plaintiff repeats all preceding paragraphs as though fully set forth herein.

63.     Plaintiff and the members of the Classes are "persons" entitled to seek the protections under the CFA.

64.     The Defendant, its conduct and the Agreement are all subject to the CFA.

65.     The aforesaid misrepresentations, deceptive and unconscionable business practices of Defendant to Plaintiff and members of the Class constitute violations of the New Jersey Consumer Fraud Act.

66.     The aforesaid misrepresentations, deceptive and unconscionable practices of Defendants in denying warranty coverage and/or payments to Plaintiff and members of the Class constitute violations of the New Jersey Consumer Fraud Act.

67.     The conduct and actions of Defendant, as set forth above, have directly, foreseeably, and proximately caused ascertainable damages and injury to Plaintiff and members of the Class in amounts yet to be determined.

68.     The conduct and actions of Defendant, as set forth above, have directly, foreseeably, and proximately caused ascertainable damages in the amounts Plaintiff and each member of the Class paid for the cost of entering into the Agreements.

69.     The actions of Defendant constitute acts, uses, or employment by Defendant of unconscionable commercial practices, misrepresentations, deception, or the knowing concealment, suppression or omission of material facts with the intent that others rely upon such concealment, suppression or omission in connection with the sale or advertisement of merchandise or real estate in violation of N.J.S.A. 56:8-1.

70.     As a result of Defendant's unlawful acts or practices, Plaintiff and the Class members have sustained ascertainable losses in amounts to be proven at trial, and Defendant should be ordered to pay, as damages to Plaintiff and the members of the

Class, any amounts expended or expenses incurred including, but not limited to, amounts paid to Defendant and legal fees and costs as a result of Defendant's attempts to enforce the above referenced illegal contractual provisions.

## COUNT THREE

### DECLARATORY AND INJUNCTIVE RELIEF

71.     Plaintiff repeats all preceding paragraphs as though fully set forth herein.

72.     Plaintiff and the class are entitled to a declaratory judgment and/or injunctive relief in the form of an Order:

      a.  Declaring that Public Storage is estopped from requiring Plaintiff and class members to bringing claims or defenses within twelve moths of an event giving rise to such claim or defense.

      b.  Declaring that Public Storage is estopped from requiring Plaintiff and Class members to indemnify and hold Defendant harmless (and pay Defendant's attorneys' fees and costs) for losses resulting from the negligence of Defendant and/or its agents.

      c.  Prohibiting Public Storage from displaying, giving, offering or entering into contracts containing illegal provisions, in the manner described herein.

      d.  Requiring Public Storage to provide notice to all Class members that the aforesaid clauses contained in the Agreements issued to the Class members are void and unenforceable and that Class members who signed such Agreement may still sue Public Storage in a court of competent jurisdiction on or before the expiration of the applicable

statute of limitations, and may recover statutory attorneys' fees and costs for violations of consumer protection statutes.

e.   Requiring Public Storage to provide notice to all Class members who may have indemnified Public Storage or who may have had judgment entered against them pursuant to the aforesaid contract provisions that such indemnification or judgment is illegal, that any monies paid to Public Storage will be refunded, and that applications will be made for such judgment to be vacated.

## <u>NOTICE TO ATTORNEY GENERAL OF ACTION</u>

A copy of this First Amended Class Complaint shall be mailed to the Attorney General of the State of New Jersey within ten days after the filing of this First Amended Class Action Complaint with the Court pursuant to N.J.S.A. 56:8-20.

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seek judgment against Defendants for the following relief:

(a)   An Order certifying the proposed Class herein and appointing Plaintiff and the undersigned counsel of record to represent the Class;

(b)   An Order declaring the Defendant's conduct violates the statutes referenced herein;

(c)   An Order finding in favor of Plaintiff and the Class on all counts as asserted herein;

(d)   An Order awarding Plaintiff and the Class compensatory, treble, consequential, statutory and/or punitive damages on all counts as asserted herein;

(e)   An Order awarding prejudgment interest on all amounts awarded;

(f)   An Order of restitution and all other forms of equitable monetary relief;

(g)      An Order for injunctive relief as pleaded or as the Court may deem just and proper;

(h)      An Order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

(i)      An Order granting such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues in this action.

Dated: <u>February 21, 2014</u>

BY____<u>s/ Andrew P. Bell</u>_____
**LOCKS LAW FIRM, LLC**
Michael A. Galpern, Esquire
Andrew P. Bell, Esquire
James A. Barry, Esquire
457 Haddonfield Road, Ste 500
Cherry Hill, NJ 08002
(856) 663-8200

**LAW OFFICES OF CHARLES N. RILEY, LLC**
Charles N. Riley, Esquire
900 N. Kings Highway
Suite 308
Cherry Hill, New Jersey 08034
(856) 667-4666

*Attorneys for Plaintiff Jackeline Martinez-Santiago and the Class*