[D.I. 159]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JACKELINE MARTINEZ-SANTIAGO, *on behalf of herself and other persons similarly situated*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>PUBLIC STORAGE,<br><br>　　　　Defendant. | Civil No. 14-302 (JBS/AMD) |

**ORDER**

　　　THIS MATTER comes before the Court by way of Plaintiff Jackeline Martinez-Santiago's motion [D.I. 159] seeking an Order to seal portions of a letter dated January 29, 2016 from counsel for Plaintiff, as well as Exhibits 1, 3, 4, 5 and 6 to the letter (see Letter and Exhibits [D.I. 158] Jan. 29, 2016). Plaintiff states that the request to seal is made because "these pages and/or documents contain references to and/or have been designated by Defendant as confidential corporate records and/or information pursuant to the Confidentiality Order entered in this action[;]" (Motion to Seal Document [D.I. 159]), and

1

THE COURT NOTING that under Local Civil Rule 5.3(c)(1), the Court may permit a party to seal, or otherwise restrict public access to, any materials or judicial proceedings upon request by that party by formal motion made pursuant to Local Civil Rule 7.1. Under Local Civil Rule 5.3(c)(2), any motion to seal or otherwise restrict public access "shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available[;]" and

IT APPEARING TO THE COURT that Plaintiff has filed a redacted version of the letter (see Letter and Exhibits [D.I. 157]); and

IT FURTHER APPEARING TO THE COURT that "Plaintiff does not necessarily agree that anything referenced or descriptions contained in [the] letter to the Court constitutes trade secrets or other material that should be sealed, inasmuch as Defendant has designated the entirety of the deposition transcripts and all exhibits identified therein as confidential, [and that] out of an abundance of caution and to avoid unnecessary dispute, Plaintiff has moved to seal public access with regard to the portions of the letter which reference those depositions." (See Certification of

2

Andrew P. Bell, Esq. [D.I. 159-1], ¶ 3.) Consequently, the Court finds that it is Defendant's burden to support continued sealing of the above-referenced documents. Therefore, the Court, having considered this matter pursuant to FED. R. CIV. P. 78, and for good cause shown:

IT IS on this **2nd** day of **February 2015**, hereby

ORDERED that Plaintiff's motion to seal [D.I. 159] shall be, and is hereby, **DISMISSED, without prejudice**; and it is further

ORDERED that the letter and Exhibits which are the subject of this motion [D.I. 158] shall remain temporarily sealed; and it is further

ORDERED that Defendant Public Storage shall file a motion with accompanying certification addressing whether the sealed portions of the letter and Exhibits 1, 3, 4, 5 and 6 [D.I. 158] shall remain sealed, and specifically addressing why sealing is appropriate as to each item under the factors set forth in Local Civil Rule 5.3. Such submission shall be filed by February 19, 2016.

                                                      s/ Ann Marie Donio
                                                     ANN MARIE DONIO
                                                     UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jerome B. Simandle