IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKELINE MARTINEZ-SANTIAGO, on behalf of herself and other persons similarly situated, | HONORABLE JEROME B. SIMANDLE |
| | Civil No. 14-302 (JBS-AMD) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER FOR TEMPORARY STAY PENDING JUDGMENT OF THIRD CIRCUIT** |
| PUBLIC STORAGE, | |
| Defendant | |

This matter is before the Court upon Defendant's Motion for Summary Judgment [Docket Item 182] and Motion to Decertify the Class [Docket Item 206], as well as Plaintiff's Motion for Partial Summary Judgment [Docket Item 187] and Motion to Preclude the Testimony of Ronald Schaible [Docket Item 184]. The motions having been fully briefed and presented at oral argument on September 6, 2017 [Docket Item 244] and the Court has considered the submissions of Plaintiff's counsel and the submissions by Defendants' counsel. For the reasons discussed below, the Court will temporarily stay this action, reserve judgment on the pending motions, and administratively terminate said motions:

1. **Factual and Procedural Background.** This case centers on contracts for the leasing of private storage spaces, offered by Defendant Public Storage, that allegedly contained provisions

which violated the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"). The Court previously issued an Opinion and Order denying a Motion to Dismiss on the grounds that the contracts at issue did not contain provisions that violated clearly established legal rights of consumers in violation of TCCWNA. Martinez-Santiago v. Public Storage, 38 F. Supp. 3d 500 (D.N.J. 2014). [Docket Items 24 and 25.] Subsequently, the Court granted class certification to a class defined as all individuals since September 24, 2007 and until October 21, 2014 who signed a storage lease agreement with Public Storage, Martinez-Santiago v. Public Storage, 312 F.R.D. 380 (D.N.J. 2015) [Docket Item 134], and noted that, assuming that the contractual language at issue violated the provisions of TCCWNA at N.J.S.A. §§ 56:12-15 and 56:12-16, "each class member was harmed in the same way in that each class member signed a lease that allegedly violated his or her clearly established legal rights." [Docket Item 133 at 17.] In assessing typicality under the Rule 23 class-certification analysis, the Court noted that the named plaintiff's

> claims stem from the same course of conduct that gives rise to the claims of the class. A lease agreement may violate the TCCWNA even if the plaintiff has not suffered any actual damages because a TCCWNA violation arises simply from the language in the contract. See Barrows v. Chase Manhattan Mort. Corp., 456 F. Supp. 2d 347, 362 (D.N.J. 2006). Thus, the claims of the class all stem from the same factual circumstance-- entering into a lease for storage space with Public

2

> Storage. . . . In fact, a remedy under TCCWNA is not limited to individuals who have entered into unlawful consumer contracts. TCCWNA may be violated even when a defendant merely *presents* a consumer with a contract that "contains terms contrary to any established state or federal right of the consumer." Shelton v. Restaurant.com, Inc., 70 A.3d 544, 558 (N.J. 2013).

[Docket Item 133 at 24, 24 n.13.]

2. Subsequent discovery practice revealed that, unlike the named Plaintiff, the vast majority of class members suffered no actual harm or damages from the allegedly-TCCWNA-violative provisions of the lease agreements they signed. [Docket Item 206-1 at 7-8.]

3. Defendant filed a Motion for Summary Judgment [Docket Item 182], and Plaintiff filed a cross Motion for Partial Summary Judgment [Docket Item 187], centering on the issues of whether the provisions at issue in the lease agreements actually violated Sections 56:12-15 and 56:12-16 of TCCWNA.

4. Defendant filed a Motion to Decertify the Class on the grounds that 99.98% of the class members (unlike the named Plaintiff) suffered no injury and therefore lacked standing under Article III of the U.S. Constitution [Docket Item 206]. In the alternative, Defendant argued that the class action is inappropriate under Rule 23, given that the vast majority of absent class members suffered no injury, because it is now clear that the requirements of typicality and superiority are not met. [Docket Item 206-1 at 28-38.]

5. All motions were fully briefed, and the parties were able to submit additional authority to the Court in support of their respective positions. [Docket Items 216-18, 220-23, 225, 227, 234-35, 238-42.]

6. Oral argument was held on the pending motions on September 6, 2017 and the Court reserved decision at that time. [Docket Item 244.]

7. **Parallel Proceedings in Third Circuit and New Jersey Supreme Court.** While these proceedings were before this Court, parallel litigation regarding TCCWNA occurred in the Third Circuit in two consolidated cases, <u>Spade v. Select Comfort Corp.</u>, No. 16-1558, and <u>Wenger v. Bob's Discount Furniture, LLC</u>, No. 16-1572. On November 23, 2016, a panel of the Third Circuit certified two questions of state law to the New Jersey Supreme Court pursuant to New Jersey Court Rule 2:12A-1:

> (1) Is a consumer who receives a contract that does not comply with the Furniture Delivery Regulations, but has not suffered any adverse consequences from the noncompliance, an "aggrieved consumer" under the TCCWNA?
> [and]
> (2) Does a violation of the Furniture Delivery Regulations alone constitute a violation of a clearly established right or responsibility of the seller under the TCCWNA and this provides a basis for relief under the TCCWNA?

[<u>Spade</u> at 5.]

8. The New Jersey Supreme Court agreed to answer these certified questions; the appeal was briefed in the spring of

4

2017 and oral argument was held on November 8, 2017 (Case No. A-57-16). An opinion in that action is expected before August of 2018.

9. The Third Circuit recently stayed a different case, Russell v. Croscill Home LLC, No. 16-3939, where the plaintiff requested that the case be consolidated with Spade/Wenger and certify the following additional question to the New Jersey Supreme Court:

> Is a consumer who has experienced an intangible, informational injury by being offered or entering into an electronic contract of adhesion that violates a clearly established legal right of a consumer or responsibility of a seller an "aggrieved consumer" under the TCCWNA?

[Russell, Appellant's Motion for Certification and Alternative Motion to Stay at 2.] The Third Circuit granted the application to stay "pending the New Jersey Supreme Court's answer to the certified questions" in Spade/Wenger. [Order, June 13, 2017.]

10. It is beyond question that the determination of the New Jersey Supreme Court in Spade/Wenger will materially affect the determination of several questions of law presented in the motions presently before the Court, and that, as a result, each motion currently pending before the Court would be affected by the court's decision in that case. See Dugan v. TGI Fridays, Inc., 231 N.J. 24, 68-69 (2017)("[I]n order to obtain a remedy under the TCCWNA, a plaintiff must be an 'aggrieved consumer'--a

5

consumer who satisfies the elements of the TCCWNA. . . . The TCCWNA does not specifically define what makes a 'consumer' an 'aggrieved consumer' for purposes of N.J.S.A. 56:12-17.")

11. In light of the foregoing, and with recognition that a decision to stay a case is one made by a District Court in the exercise of its discretion as part of its "inherent" power to control its own docket, <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936), the Court will stay the current proceedings and administratively terminate the instant motions, pending the decision of the New Jersey Supreme Court in <u>Spade</u>/<u>Wenger</u> and the adoption of the same (<u>vel non</u>) by the Third Circuit. It is most prudent to await the answers to the certified questions, and the application of those answers by the Court of Appeals, before addressing the present motions further.

12. The Court notes that the parties will likely wish to file short supplemental briefing regarding these issues, and how they affect the instant motions, once that decision is issued.[1] The Court requests that the parties notify the Court when such decision is filed, and the opportunity for supplemental briefing shall be given accordingly. The Court anticipates a briefing

---

[1] Counsel are also requested to meet and confer when the Third Circuit issues its <u>Spade</u>/<u>Wenger</u> decision to see whether the parties agree upon its application to the present case. The option of supplemental briefing, of course, is available for motions remaining in dispute.

schedule, based on the date when judgment is entered in Spade/Wenger before the Third Circuit, allowing fourteen (14) days for the moving party to submit a short supplemental brief addressing Spade/Wenger, and fourteen (14) days for the party opposing the motion to respond.

Therefore, in exercise of this Court's discretion to stay or to deny a stay of further proceedings pending the decisions of the New Jersey Supreme Court and the Third Circuit, and for good cause shown;

IT IS this **26th** day of **February**, **2018**, hereby

**ORDERED** that this case shall be **STAYED** pending decision of the New Jersey Supreme Court and the Third Circuit in Spade v. Select Comfort Corp. and/or Wenger v. Bob's Discount Furniture on the certified questions of New Jersey state law; and it is further

**ORDERED** that Defendant's Motion for Summary Judgment [Docket Item 182], Defendant's Motion to Decertify the Class [Docket Item 206], Plaintiff's Motion for Partial Summary Judgment [Docket Item 187] and Plaintiff's Motion to Preclude the Testimony of Ronald Schaible [Docket Item 184] are each **ADMINISTRATIVELY TERMINATED** subject to restoration to the docket upon written request by a party; and it is further

**ORDERED** that, with respect to any of these motions, the movant may file a short (not more than 10 pages) supplemental

7

brief within fourteen (14) days of the date when judgment is entered in Spade/Wenger before the Third Circuit, and the opponent may file a short supplemental brief within fourteen (14) days thereafter; and it is further

**ORDERED** that this Court maintains jurisdiction to enter appropriate Orders herein upon motion of any party.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge